UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:25-cv-00577-SVW-MBK | Date | December 2, 2025 |
|---|---|---|---|
| Title | Petramala v. River Oaks Apartments, LLC, et al. | | |

| Present: The Honorable | Michael B. Kaufman, U.S. Magistrate Judge |
|---|---|
| James Muñoz | n/a |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| None present | None present |

**Proceedings:** ORDER TO SHOW CAUSE WHY SECOND AMENDED COMPLAINT SHOULD NOT BE DISMISSED

On October 2, 2025, this Court issued a Report and Recommendation recommending dismissal of Plaintiff's First Amended Complaint ("FAC") and granting Plaintiff leave to amend. Dkt. 32. In its Report, the Court explained the deficiencies in Plaintiff's claims and warned Plaintiff that, if he files an amended complaint, "he must address the deficiencies identified above or risk dismissal of the claim[s]." *Id*. at 17. On November 19, 2025, District Judge Stephen V. Wilson accepted this Court's Report and Recommendation, dismissed the FAC without prejudice, and granted Plaintiff leave to amend. Dkt. 35.

Plaintiff filed a Second Amended Complaint ("SAC") on November 29, 2025. Dkt. 37. The SAC appears to be virtually identical to the FAC: it includes the same Defendants, requests for relief, and—with one exception—claims. There appear to be only two differences between the SAC and the FAC. First, the SAC includes a new claim (denoted "Count V") alleging that Orange County commits due process and ADA violations by seizing vehicles under certain Laguna Beach parking ordinances. Dkt. 37 at 7-8. Second, the SAC omits the FAC's factual allegations concerning Plaintiff's attempts to communicate with River Oaks Apartments prior to seeking federal court relief. Dkt. 8 at 7.

It appears that Plaintiff's SAC suffers from the same deficiencies as the FAC. The SAC's first four claims, and supporting allegations, are identical the FAC. And while the SAC's fifth claim is nominally new, the FAC also brought claims against Orange County. The Court concluded that FAC was insufficient to state claims against Orange County because it did not establish Plaintiff's standing for injunctive relief or entitlement to damages under *Monell*. Dkt. 32 at 14-17. While the SAC identifies several Laguna Beach ordinances that Plaintiff alleges Orange County enforces, the SAC "does not state whether

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:25-cv-00577-SVW-MBK | Date | December 2, 2025 |
|---|---|---|---|
| Title | Petramala v. River Oaks Apartments, LLC, et al. | | |

Plaintiff has actually been subjected to the challenged ordinances and, if so, how he was injured," or "sufficiently allege that Orange County can be held liable for his injuries." Dkt. 32 at 15 (explaining requirements for *Monell* liability). As such, the SAC's claims against Orange County appear to suffer from the same problems as the FAC.

For these reasons, the Plaintiff is **ordered to show cause** (meaning, explain in writing) why this Court should not recommend that the SAC be dismissed with prejudice for the reasons the Court explained in its Report and Recommendation. By **January 6, 2026**, Plaintiff may file a brief, no longer than **five pages**, explaining why the claims in the SAC are not deficient under the Court's prior orders. If Plaintiff's filing adequately addresses this order, the Court will order a schedule for Defendant's response to the SAC.

*Alternatively,* if Plaintiff no longer wishes to pursue this action, Plaintiff may elect to voluntarily dismiss the entire action under Federal Rule of Civil Procedure 41(a).

* * *

Appreciating the challenges that may come with self-representation, the Court directs Plaintiff to the following resources for *pro se* plaintiffs:

- General information on how parties may represent themselves in civil cases in the Central District of California can be found at: https://prose.cacd.uscourts.gov/.
- Federal Rules of Civil Procedure can be found at: https://www.law.cornell.edu/rules/frcp.
- Local Civil Rules for the Central District of California can be found at: https://www.cacd.uscourts.gov/court-procedures/local-rules.
- This Court's rules and procedures are located at: https://www.cacd.uscourts.gov/honorable-michael-b-kaufman
- Public Counsel runs a free Federal *Pro Se* Clinic where *pro se* litigants can get information and guidance. The Clinic is located at the Roybal Federal Building and Courthouse, 255 East Temple Street, Los Angeles, CA 90012. *Pro se* litigants must call or submit an online application to request services as follows: online applications can be submitted at http://prose.cacd.uscourts.gov/losangeles, or call (213) 385-2977, ext. 270.
- Public Counsel also has extensive resources for *pro se* litigants at its website located at https://publiccounsel.org/services/federal-court/ and a YouTube Channel at https://www.youtube.com/channel/UC9HlGVtC3teyb8YkO7T3q_w. The LA Law

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:25-cv-00577-SVW-MBK | Date | December 2, 2025 |
|---|---|---|---|
| Title | Petramala v. River Oaks Apartments, LLC, et al. | | |

Library, located across the street from the First Street Courthouse at 301 W. First Street, Los Angeles, CA 90012, also has extensive resources for *pro se* litigants. The LA Law Library can be reached via email at reference@lalawlibray.org, or via telephone at (213) 785-2513.

* * *

Plaintiff is advised of the following requirements for preparing and submitting documents in this case. **Any document that does not comply with any of these requirements may be returned to Plaintiff without filing and will not be considered by the Court.**

     1. All documents sent to the Court should be addressed to: "Clerk, U.S. District Court, 255 E. Temple St., Los Angeles, CA 90012." No documents or letters should ever be sent to the judge or the judge's staff.

     2. Each document must include the title and case number (including judges' initials). Documents should have at least a one-inch margin at the top of each page and should be printed or neatly handwritten on one side of the paper only. No document may exceed 25 pages in length (exclusive of tables and exhibits) without leave of court. This provision of the Local Rules applies to all briefs.

     3. Plaintiff must mail the Court the original and one copy of each document. Photocopies, printed copies, or clear handwritten copies are acceptable. The original and copy should be mailed in a single envelope. Plaintiff should keep a copy of any document sent to the Court.

     4. After any defendant has filed an appearance in this action, Plaintiff must file any future document with the Court and serve it on Defendant(s) by mailing a copy to defense counsel at the address given on court orders or defense filings. Plaintiff must attach a "proof of service" to the document when it is filed with the Court. The proof of service must state that a copy of the filed document was mailed to the defense attorney and when it was mailed.

     5. At the top of the first page of any document sent to the Court, Plaintiff must give his or her name and mailing address, and any other information needed for mail to be delivered. The Court will assume that the address is correct and will use it until informed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:25-cv-00577-SVW-MBK | Date | December 2, 2025 |
|---|---|---|---|
| Title | Petramala v. River Oaks Apartments, LLC, et al. | | |

otherwise. It is Plaintiff's responsibility to notify the Court and defense counsel of any change of address and the effective date of the change. If Plaintiff fails to keep the Court informed of a correct mailing address, this case may be dismissed under Local Rule 41-6, which states as follows:

*Failure of Pro Se Plaintiff to Keep Court Apprised of Current Address*: A party proceeding pro se must keep the Court and all other parties informed of the party's current address as well as any telephone number and email address. If a Court order or other mail served on a pro se plaintiff at his address of record is returned by the Postal Service as undeliverable and the pro se party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute.

**IT IS SO ORDERED.**